**IN THE COURT OF APPEALS OF THE STATE OF IDAHO**

**Docket No. 43392**

| | | |
|---|---|---|
| STATE OF IDAHO, | ) | 2016 Opinion No. 39 |
| | ) | |
| Plaintiff-Respondent, | ) | Filed: June 16, 2016 |
| | ) | |
| v. | ) | Stephen W. Kenyon, Clerk |
| | ) | |
| JAMES LEWIS KELLEY, | ) | |
| | ) | |
| Defendant-Appellant. | ) | |
| | ) | |

Appeal from the District Court of the Fourth Judicial District, State of Idaho, Elmore County. Hon. Cheri C. Copsey, District Judge.

Order denying motion to suppress evidence, <u>reversed;</u> judgment of conviction, <u>vacated</u>; and case <u>remanded</u>.

Sara B. Thomas, State Appellate Public Defender; Jenny C. Swinford, Deputy Appellate Public Defender, Boise, for appellant.

Hon. Lawrence G. Wasden, Attorney General; Jessica M. Lorello, Deputy Attorney General, Boise, for respondent.

---

HUSKEY, Judge

James Lewis Kelley appeals from his judgment of conviction for trafficking in a controlled substance, marijuana, challenging the denial of his motion to suppress evidence. For the reasons set forth below, we reverse the order denying the motion to suppress, vacate the judgment of conviction, and remand the case to the district court.

**I.**

**FACTS AND PROCEDURE**

Kelley was driving a vehicle east on Interstate 84 in Idaho when an Idaho officer observed Kelley speeding. The officer followed Kelley and stopped him after he crossed the centerline. The officer had a drug detection dog in his patrol car. Kelley provided his driver's license and car registration upon the officer's request. The car was owned by a third party. The officer noted Kelley's nervous demeanor, evidenced by Kelley trembling, avoiding eye contact, and a pulsating artery. The officer observed no signs of impairment. The officer returned to his

1

patrol car to run Kelley's information and check for warrants. Based on Kelley's nervousness, the officer requested assistance from another unit.

While waiting for dispatch, the officer approached Kelley's vehicle a second time to conduct further questioning about the car's owner and Kelley's trip plans. During this discussion, Kelley informed the officer the car belonged to his friend, and Kelley was driving from Oregon to Nebraska to return it to him. The officer then went back to his patrol car where dispatch informed him that Kelley was "clear and valid--no warrants." The officer approached Kelley's vehicle for a third time. The officer asked Kelley if there was anything illegal in the vehicle, if there were drugs or drug paraphernalia in the vehicle, and if Kelley would be willing to consent to a search of the vehicle. To each question Kelley responded "no," and asked if he was free to leave. By this time, the officer's requested assistance unit arrived. The assisting officers detained Kelley on the side of the road while the first officer deployed his drug dog to sniff the outside of the vehicle. The dog alerted at the rear passenger side door. The search yielded twenty-two and one-half pounds of marijuana in the trunk of the vehicle. Kelley was arrested and charged with trafficking in marijuana of at least five pounds, but less than twenty-five pounds, Idaho Code § 37-2732B(a)(1)(B).

Kelley moved to suppress the evidence found during the search of his vehicle, conceding that while the initial traffic stop was valid, the officer unlawfully prolonged the traffic stop. After a hearing, the district court denied Kelley's motion to suppress and found the officer had reasonable suspicion to prolong the stop. Pursuant to a plea agreement, Kelley conditionally pled guilty to trafficking in marijuana of one pound or more, but less than five pounds, reserving his right to appeal the district court's denial of his motion to suppress. The district court imposed a unified five-year sentence, with two years determinate. Kelley timely appeals.

## II.
## STANDARD OF REVIEW

The standard of review of a suppression motion is bifurcated. When a decision on a motion to suppress is challenged, we accept the trial court's findings of fact that are supported by substantial evidence, but we freely review the application of constitutional principles to the facts as found. *State v. Atkinson*, 128 Idaho 559, 561, 916 P.2d 1284, 1286 (Ct. App. 1996). At a suppression hearing, the power to assess the credibility of witnesses, resolve factual conflicts, weigh evidence, and draw factual inferences is vested in the trial court. *State v. Valdez-Molina*,

127 Idaho 102, 106, 897 P.2d 993, 997 (1995); *State v. Schevers*, 132 Idaho 786, 789, 979 P.2d 659, 662 (Ct. App. 1999).

**III.**

**ANALYSIS**

Kelley argues the district court erroneously denied his motion to suppress evidence found as a result of the search of his vehicle. Specifically, Kelley argues the officer lacked reasonable and articulable suspicion that Kelley was engaged in criminal activity, and therefore, the extension of the traffic stop to investigate possible drug possession was unlawful.

The Fourth Amendment to the United States Constitution prohibits unreasonable searches and seizures. Generally, evidence obtained as a result of an unreasonable search or seizure must be suppressed. *Wong Sun v. United States*, 371 U.S. 471, 485 (1963). Typically, seizures must be based on probable cause to be reasonable. *Florida v. Royer*, 460 U.S. 491, 499-500 (1983). However, limited investigatory detentions, based on less than probable cause, are permissible when justified by an officer's reasonable, articulable suspicion that a person has committed, or is about to commit, a crime. *Id.* at 498. Reasonable suspicion must be based on specific, articulable facts and the rational inferences that can be drawn from those facts. *Terry v. Ohio*, 392 U.S. 1, 21 (1968); *State v. Sheldon*, 139 Idaho 980, 983, 88 P.3d 1220, 1223 (Ct. App. 2003). The quantity and quality of information necessary to establish reasonable suspicion is less than that necessary to establish probable cause. *Alabama v. White*, 496 U.S. 325, 330 (1990). Still, reasonable suspicion requires more than a mere hunch. *Id.* at 329. Whether an officer possessed reasonable suspicion is evaluated based on the totality of the circumstances known to the officer at or before the time of the detention. *United States v. Cortez*, 449 U.S. 411, 417 (1981); *Sheldon*, 139 Idaho at 983, 88 P.3d at 1223.

The State argues the following facts found by the district court justified the officers' expanding the scope of his investigation into drug crimes: (1) Kelley displayed extreme nervousness; (2) lacked eye contact; (3) continued trembling on a warm evening; (4) had a pulsing carotid artery; (4) had an unusual travel itinerary; and (5) was traveling on a known "drug-trafficking corridor." Based on the totality of circumstances, the State suggests the officer was justified in his suspicion that criminal activity was afoot.

Kelley argues, and we agree, that none of these facts, when considered independently, would be sufficient to establish reasonable suspicion of criminal activity. Kelley's nervousness,

3

evidenced by lack of eye contact, trembling, and pulsing carotid artery, is of limited significance in establishing the presence of reasonable suspicion. *See State v. Neal*, 159 Idaho 919, 924, 367 P.3d 1231, 1236 (Ct. App. 2016) (holding "[a] nervous demeanor during an encounter with law enforcement is of limited significance in establishing the presence of reasonable suspicion because it is common for people to exhibit signs of nervousness when confronted with law enforcement regardless of criminal activity"). Kelley's lawful, albeit unusual, travel itinerary is also not enough to establish reasonable suspicion. *See United States v. Digiovanni*, 650 F.3d 498, 512-513 (4th Cir. 2011) (holding that while an unusual travel itinerary, coupled with other facts, may support a finding of reasonable suspicion, facts such as an unusual travel itinerary, renting a car from a source state, and traveling on a known drug corridor, without more, does not create reasonable suspicion of criminal activity because it renders suspect a substantial portion of innocent travelers). Finally, Kelley's presence on I-84, a "drug-trafficking corridor," is insufficient to establish reasonable suspicion. Interstate 84 is the primary east-west interstate in this area and is used routinely by many innocent individuals who happen to be traveling from east to west, or vice versa, and wish to do so in a relatively quick and convenient manner. Using the only interstate freeway available, despite the fact that it may be used by individuals engaged in a whole host of criminal activity, cannot give rise to reasonable suspicion to search a vehicle as it would subject thousands of innocent travelers to an invasion of their privacy for no more of a reason than the use of the road. *See United States v. White*, 584 F.3d 935, 951-952 (10th Cir. 2009) (reasoning the probativeness of a particular defendant's route is minimal because officers have offered countless cities as drug source cities); *United States v. Yousif*, 308 F.3d 820, 829 (8th Cir. 2002) (holding traveling on a highway that was known to officers as a drug trafficking corridor cannot alone justify reasonable suspicion because too many people fit this description); *O'Boyle v. State*, 117 P.3d 401, 411 (Wyo. 2005) ("While we acknowledge the importance of drug interdiction, we are deeply concerned by the resulting intrusion [of searches justified based on our location along a nationally recognized drug trafficking corridor] upon the privacy rights of Wyoming citizens.").

However, as set forth above, our analysis of the reasonableness of the suspicion must be evaluated based upon the totality of the circumstances. The Supreme Court has previously held that otherwise innocent acts, when considered together, can be sufficiently suspicious so as to justify an investigative detention. *United States v. Sokolow*, 490 U.S. 1, 9-10 (1989). An officer

4

can utilize law enforcement training to draw reasonable inferences based upon objective facts to justify his or her suspicion that criminal activity is afoot. *Cortez*, 449 U.S. at 418; *State v. Roe*, 140 Idaho 176, 180, 90 P.3d 926, 930 (Ct. App. 2004).

Kelley is challenging his prolonged detention, which occurred when the officer continued to detain him after the officer completed his investigation of the traffic violation. The district court found that the investigation of the traffic violation was concluded when the officer approached Kelley's vehicle for the second time. In this case, none of the circumstances that occurred before and during the officer's second approach justified the officer's suspicion that Kelley was involved in criminal activity. The officer did not testify to any facts connecting Kelley's nervous behavior with criminal activity. Likewise, the officer did not testify to any objective facts linking Kelley's unusual travel plans to drug activity. The only fact linking drug activity to Kelley was that he was driving on the same road others have used to transport drugs. The use of a commonly traveled road does not give an officer reasonable suspicion to prolong a traffic stop. The officer's suspicion that Kelley's route from Oregon to Nebraska was somehow related to drug activity was nothing more than a hunch. Thus, the information available to the officer prior to his second encounter with Kelley was insufficient to create reasonable suspicion to justify the prolonged stop.

## IV.
## CONCLUSION

Looking at the facts known to the officer and the inferences reasonably drawn from the totality of those circumstances, we hold that the facts relied upon by the district court do not support a reasonable suspicion that Kelley was involved in criminal activity thereby justifying prolonging the traffic stop. We hold the district court erred in denying Kelley's motion to suppress. Accordingly, we reverse the order denying motion to suppress evidence, vacate Kelley's judgment of conviction, and remand the case to the district court.

Chief Judge MELANSON and Judge GUTIERREZ **CONCUR**.