**IN THE COURT OF APPEALS OF THE STATE OF IDAHO**

**Docket No. 46070**

| | |
|---|---|
| STATE OF IDAHO, | ) |
| | ) **Filed: August 5, 2019** |
| Plaintiff-Respondent, | ) |
| | ) **Karel A. Lehrman, Clerk** |
| v. | ) |
| | ) **THIS IS AN UNPUBLISHED** |
| CHUL BOYLON GIBBS, | ) **OPINION AND SHALL NOT** |
| | ) **BE CITED AS AUTHORITY** |
| Defendant-Appellant. | ) |
| | ) |

Appeal from the District Court of the Fourth Judicial District, State of Idaho, Elmore County. Hon. Nancy A. Baskin, District Judge.

Judgment and order denying motion to suppress, affirmed.

Eric D. Fredericksen, State Appellate Public Defender; Kimberly A. Coster, Deputy Appellate Public Defender, Boise, for appellant.

Hon. Lawrence G. Wasden, Attorney General; Ted S. Tollefson, Deputy Attorney General, Boise, for respondent.

GRATTON, Chief Judge

Chul Boylon Gibbs appeals from the district court's judgment of conviction entered upon his conditional guilty plea to possession of drug paraphernalia and possession of a controlled substance, methamphetamine. Specifically, Gibbs challenges the district court's denial of his motion to suppress arguing the traffic stop was impermissibly extended without reasonable suspicion. We affirm.

**I.**

**FACTUAL AND PROCEDURAL BACKGROUND**

On February 8, 2017, Sergeant Cagle initiated a traffic stop while on patrol in Elmore County. The vehicle was traveling east on Interstate 84 and appeared to have parts hanging near the front bumper that were dragging the road. Concerned this may cause a safety hazard, Sergeant Cagle activated his emergency lights. About twenty seconds later the vehicle began to pull over and came to a complete stop. While approaching the vehicle he noticed that smoke was

1

emanating from the vehicle's partially open windows and sunroof. Upon making contact with the vehicle's three occupants, Sergeant Cagle noticed all three occupants were rapidly smoking freshly lit cigarettes. Sergeant Cagle later testified that he thought the open windows on a cold and rainy day, the rapid smoking of cigarettes, and the slow response to pull over indicated the occupants may have been trying to delay contact while concealing drug odor in the vehicle.

Gibbs was one of the three occupants in the vehicle, sitting in the front passenger seat. Sergeant Cagle testified that Gibbs appeared to be nervous. After receiving conflicting information on the vehicle's destination and noting some other suspicious behavior, Sergeant Cagle asked for the driver's information and returned to his patrol car. Once there, he radioed dispatch requesting a canine unit; the duration of the call was approximately thirty seconds. After running the driver's information and returning to the vehicle, Sergeant Cagle asked the driver to briefly step out of the vehicle so they could discuss the items hanging near the front bumper and what could be done to fix the issue. Sergeant Cagle informed the driver that it would be dangerous to continue to drive with parts dragging the roadway and that it would need to be fixed before he could continue. It was during this time the canine unit arrived. The dog immediately alerted on the vehicle.

Upon the dog's alert, Sergeant Cagle opened the car door to the vehicle. He testified that he could smell the odor of marijuana. Sergeant Cagle then asked Gibbs to exit the vehicle and conducted a pat down. During this time, a small plastic baggie fell to the ground and a number of syringes were found in Gibbs' jacket.

The State charged Gibbs with possession of methamphetamine, I.C. § 37-2732(c), and possession of drug paraphernalia, I.C. § 37-2734A(1). Gibbs filed a motion to suppress, arguing that his detention was unreasonably extended and that there was no reasonable suspicion to conduct a drug investigation. At the suppression hearing, Sergeant Cagle testified to a number of observations that he felt were indicative of drug activity. Though the district court did not find some of Sergeant Cagle's reasons to be persuasive, it still found that he had reasonable suspicion to expand the length and scope of the detention. It was determined that the slow response to pull over, the occupants' manner of smoking, and the vehicle's windows and sunroof being open on a rainy winter day were all possible indications of an effort to mask drug odor, thereby giving the officer reasonable suspicion to call for the drug dog.

2

Gibbs entered a conditional guilty plea and the district court sentenced him to unified term of three and one-half years, with one and one-half years determinate. The district court suspended the sentence and placed Gibbs on probation for five years. Gibbs timely appeals.

## II.

## ANALYSIS

The standard of review of a suppression motion is bifurcated. When a decision on a motion to suppress is challenged, we accept the trial court's findings of fact that are supported by substantial evidence, but we freely review the application of constitutional principles to the facts as found. *State v. Atkinson*, 128 Idaho 559, 561, 916 P.2d 1284, 1286 (Ct. App. 1996). At a suppression hearing, the power to assess the credibility of witnesses, resolve factual conflicts, weigh evidence, and draw factual inferences is vested in the trial court. *State v. Valdez-Molina*, 127 Idaho 102, 106, 897 P.2d 993, 997 (1995); *State v. Schevers*, 132 Idaho 786, 789, 979 P.2d 659, 662 (Ct. App. 1999).

On appeal, Gibbs argues the district court erred by denying his motion to suppress. He contends his rights were violated when Sergeant Cagle called the canine unit because Sergeant Cagle had no reasonable suspicion of drug activity, making the thirty-second call to dispatch an improper deviation. The State argues the district court correctly determined that, under the totality of the circumstances, Sergeant Cagle had reasonable suspicion to divert from the initial purposes of the stop to call the canine unit. We agree.[1]

The Fourth Amendment to the United States Constitution prohibits unreasonable searches and seizures. Generally, evidence obtained as a result of an unreasonable search or seizure must be suppressed. *Wong Sun v. United States*, 371 U.S. 471, 485 (1963). Typically, seizures must be based on probable cause to be reasonable. *Florida v. Royer*, 460 U.S. 491, 499-500 (1983). However, limited investigatory detentions, based on less than probable cause, are permissible when justified by an officer's reasonable, articulable suspicion that a person has committed, or is about to commit, a crime. *Id*. at 498. Reasonable suspicion must be based on specific, articulable facts and the rational inferences that can be drawn from those facts. *Terry v. Ohio*, 392 U.S. 1, 21 (1968); *State v. Sheldon*, 139 Idaho 980, 983, 88 P.3d 1220, 1223 (Ct. App.

---

[1] The State also argues that the thirty-second call for the drug dog was not, regardless of reasonable suspicion of drug activity, violative of the Fourth Amendment. We need not address this issue as the call for the drug dog was supported by reasonable suspicion.

2003). The quantity and quality of information necessary to establish reasonable suspicion is less than that necessary to establish probable cause. *Alabama v. White*, 496 U.S. 325, 330 (1990). Still, reasonable suspicion requires more than a mere hunch. *Id*. at 329. Whether an officer possessed reasonable suspicion is evaluated based on the totality of the circumstances known to the officer at or before the time of the detention. *United States v. Cortez*, 449 U.S. 411, 417 (1981); *Sheldon*, 139 Idaho at 983, 88 P.3d at 1223.

Gibbs argues that none of the behaviors Sergeant Cagle witnessed could have given rise to a reasonable suspicion that Gibbs or the other occupants were involved in criminal activity. We agree that taken alone they may not have been indicative of anything other than innocent behavior. However, as set forth above, our analysis is not dependent on each factor standing alone, but upon the totality of the circumstances. Here, acts of rapidly smoking cigarettes, driving with partially open windows, and slowly pulling to the side of the interstate reasonably led Sergeant Cagle to believe that the occupants were intentionally delaying contact in an attempt to mask the odor of drug use. The odd and obvious delay[2] in pulling over that is clear from Sergeant Cagle's dash-cam video, combined with the rapid, simultaneous smoking of freshly lit cigarettes by the occupants was made even more suspicious by the vehicle's open sunroof and windows on a rainy winter day. Additionally, the dash-cam clearly shows the rain coming down at a rate that would make an open sunroof strange in any context. These circumstances make Sergeant Cagle's inferences of drug activity reasonable. As we discussed in *State v. Kelley*, 160 Idaho 761, 379 P.3d 351 (Ct. App. 2016), "otherwise innocent acts, when considered together, can be sufficiently suspicious so as to justify an investigative detention. An officer can utilize law enforcement training to draw reasonable inferences based upon objective facts to justify his or her suspicion that criminal activity is afoot." *Id*. at 764, 379 P.3d at 354 (internal citation omitted).

The district court rejected several of the observations which Sergeant Cagle considered suspicious, but determined that the properly considered observations were sufficient to establish reasonable suspicion for the drug investigation:

> [T]he Court agrees that the manner in which the vehicle responded to Sergeant Cagle's overhead lights was consistent with the driver intentionally delaying his contact with law enforcement. While this may have many innocent explanations, it is [a] fact from which Sergeant Cagle may reasonably suspect drug activity.

---

[2] Approximately twenty seconds.

> This fact alone would not, in the Court's view, justify a detention for the purposes of investigation of that suspicion. The Court simply notes the inference Sgt. Cagle is drawing from that fact is not an unreasonable one.
>
> Further the manner in which all of the occupants were rapidly puffing on freshly-lit cigarettes is not typical of the way most people smoke cigarettes and raises an inference that the occupants were trying to fill the vehicle with smoke . . . . The occupants had also lowered the windows on a cold and rainy evening. Based on these facts and given his training and experience, it was reasonable for Sergeant Cagle to suspect the occupants were attempting to air out the car in an effort to mask or eliminate the odor of some type of contraband.

The district court thoughtfully considered which observations properly supported a reasonable inference of criminal activity and which did not. We agree that the observations outlined by the district court were sufficient to establish reasonable suspicion of drug activity allowing for the call for the drug dog.

## III.

## CONCLUSION

We hold that the facts the district court relied upon properly supported a reasonable suspicion that Gibbs was involved in drug activity. This reasonable suspicion justified Sergeant Cagle's call for the canine unit. The district court's order denying Gibbs' motion to suppress and the judgment of conviction are affirmed.

Judge LORELLO and Judge BRAILSFORD **CONCUR**.